# No. 15-15233

## IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

**BOURNE VALLEY COURT TRUST, Appellee,**

v.

**WELLS FARGO BANK, N.A., Appellant.**

**On Appeal from the United States District Court for Nevada 2:13-cv-00649-PMP-NJK, the Honorable Philip M. Pro**

## OPPOSITION TO MOTION TO STAY MANDATE

| | |
|---|---|
| Andrew M. Jacobs | Kelly H. Dove |
| Arizona Bar No. 21146 | Nevada Bar No. 10569 |
| SNELL & WILMER L.L.P. | SNELL & WILMER L.L.P. |
| One South Church Ave. | 3883 Howard Hughes Pkwy. |
| Suite 1500 | Suite 1100 |
| Tucson, Arizona 85701 | Las Vegas, NV 89169 |
| ajacobs@swlaw.com | kdove@swlaw.com |
| Telephone: (520) 882-1207 | Telephone: (702) 784-5200 |
| Facsimile: (520) 884-1294 | Facsimile: (702) 784-5252 |

*Attorneys for Appellant Wells Fargo Bank, N.A.*

## Introduction

This Court should deny Bourne Valley's Motion to Stay the Mandate pending its Petition for Certiorari to the United States Supreme Court. Bourne Valley greatly understates the standard justifying a stay, and relatedly, fails to satisfy the actual required showing of a substantial question and good cause. While Bourne Valley expresses confidence in the likelihood the Supreme Court will review this Court's decision, that assertion is undermined by the fact that no judge of this Court requested a vote on its Petition for Rehearing En Banc. Likewise, Bourne Valley's assertion that it will suffer irreparable harm is unsubstantiated and inaccurate. For these reasons, as explained below, this Court should deny the stay.

## Legal Analysis

**I. Bourne Valley Has Not Demonstrated that Its Petition for Certiorari Would Present a Substantial Question or that There Is Good Cause for a Stay.**

Under Federal Rule of Appellate Procedure 41, a motion to stay the mandate "must show that the certiorari petition would present a substantial question and that there is good cause for a stay." "A motion to stay … the mandate will not be routinely granted." Circuit Advisory

Comm. Note to Rule 41-1. A motion to stay "will be denied if the Court determines that the application for certiorari would be frivolous, or is made merely for delay." *Id.* Bourne Valley's Motion does not even mention the "substantial question" and "good cause" standard, much less satisfy it. Rather, it attempts only to show that the forthcoming Petition is not frivolous and that its Motion is not for the purpose of delay. Bourne Valley misapprehends the required showing, and fails to meet the substantial question and good cause standard.

> A. **The Standard Bourne Valley Applies Is Incorrect and Based on a Logical Fallacy.**

Bourne Valley recites Circuit Advisory Committee Note to Rule 41-1, which provides that a motion to stay "will be denied if the Court determines that the application for certiorari would be frivolous, or is made merely for delay." Bourne Valley argues from that Note that its Petition would not be frivolous, and is not made merely for delay. However, just because a motion *will* be denied if it is frivolous or made for delay does not entail the converse – that it will be granted if it is not frivolous or not for the purposes of delay. In presenting "not frivolous" and "not merely for delay" as standards, Bourne Valley simply misstates the applicable legal standard. Moreover, it fails to address

the applicable substantial question and good cause standard, which in fact governs its request.

### B. The Substantial Question and Good Cause Standard Is Not a Rubber Stamp.

Bourne Valley implies that the Court issues stays of the mandate routinely, but that is not so. "A motion to stay … the mandate will *not* be routinely granted." Circuit Advisory Comm. Note to Rule 41-1 (emphasis added); *see, e.g.*, *Coal. for Econ. Equity v. Wilson*, 122 F.3d 718, 719 (9th Cir. 1997) (denying a stay where the Court declined to rehear an appeal en banc, and no inter-Circuit conflict on the law existed) (citing Supr. Ct. R. 10(a)). This Court has, for example, declined to stay the mandate pending Supreme Court review where the applicant failed to adequately establish traditional criteria employed by the Supreme Court in granting certiorari, even though it purported to do so. The Court held that "notwithstanding" the applicant's assertions, it was "not persuaded that the decision conflicts with any decision of the Supreme Court" and denied the request for a stay pending the mandate. *Id.* (citing Supr. Ct. R. 10(c)).

Likewise, in evaluating whether an applicant set forth sufficient reasons for granting a stay in satisfaction of Rule 41, the Supreme

Court considered whether it made a showing of irreparable injury, akin to an injunctive relief standard, and whether the issue presented is likely to be considered by the Supreme Court. *California v. Am. Stores Co.*, 492 U.S. 1301, 1304 (1989). There, the Court found an adequate showing where the applicant established that its business could be irreparably harmed, and the issue presented was "an important question of federal law over which the Circuits [we]re in conflict." *Id.*

While this Court has not had much occasion to articulate the standard required to justify a stay of the mandate pending Supreme Court review, other circuit courts of appeals have required significant support for such a stay. For example, the Seventh Circuit has held that "[t]he grant of a motion to stay the mandate 'is far from a foregone conclusion.'" *Indiana Prot. And Advocacy Servs. v. Indiana Family & Soc. Servs. Admin.*, 376 F. App'x 630, 631 (7th Cir. 2010) (citing 16AA Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Catherine T. Struve, Federal Practice and Procedure § 3987 (4th ed. 2008)). Rather, satisfying the Rule 41 standard requires that "the party seeking the stay must demonstrate both a reasonable probability of success on

the merits and irreparable injury absent a stay." *See Bricklayers Local 21 v. Banner Restoration, Inc.*, 384 F.3d 911, 912 (7th Cir. 2004).

The Supreme Court and other circuit courts of appeals have required similar showings. *See California v. Am. Stores Co.*, 492 U.S. 1301, 1304 (1989); *Nara v. Frank*, 494 F.3d 1132, 1133 (3d Cir. 2007) (holding that Rule 41 requires that a movant show a reasonable probability that the Supreme Court will grant certiorari, a reasonable possibility that at least five Justices would vote to reverse this Court's judgment, and a likelihood of irreparable injury absent a stay); *John Doe I v. Miller*, 418 F.3d 950, 951 (8th Cir. 2005) (same); *Bricklayers Local 21 v. Banner Restoration, Inc.*, 384 F.3d 911, 912 (7th Cir. 2004) (same).

Tellingly, none of the cases Bourne Valley cites actually rule on a request to stay the mandate pending Supreme Court review, and as such, those cases do not squarely address the standard for a stay. Rather, both cases determined motions to recall the mandate, and contrasted that heightened standard with that required to stay the mandate in the first instance. For example, *United States v. Pete*, 525 F.3d 844 (9th Cir. 2008) adjudicated a motion to recall a mandate that

-5-

has already issued. As such, the Court did not in fact hold that "it is often the case that the appellate mandate is stayed while a party seeks certiorari from the Supreme Court," in ruling on a stay application, as Bourne Valley implies. Mot. at 2 (citing *Pete*, 525 F.3d at 850 & n.9 (9th Cir. 2008)). Rather, the Court was contrasting the circumstance in that case, where the mandate had already issued and the applicant moved to recall the mandate, and which requires a showing of exceptional circumstances, with the more typical scenario in which a party moves to stay the mandate before the mandate issues. *Pete*, 525 F.3d at 850.

Likewise, in the other case Bourne Valley cited, this Court again contrasted the heightened showing required to recall a mandate with the lesser standard required to timely seek stay of the mandate in the first instance. *See* Mot. at 1 (citing *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528-29 (9th Cir. 1989)). There, the Court noted that recalling the mandate requires a showing of "exceptional circumstances," whereas staying the mandate does not. *Bryant*, 886 F.2d at 1528-29. Regardless, the statement that seeking a stay of the mandate, unlike recalling the mandate, does not require "exceptional circumstances" is

-6-

not helpful in ascertaining the standard for seeking a stay of the mandate.

Consistent with this Court's decision in *Coalition for Economic Equity v. Wilson*, 122 F.3d 718, 719 (9th Cir. 1997), other circuit courts of appeals, and the Supreme Court, Bourne Valley must demonstrate the likelihood that the Supreme Court will hear and reverse the decision in this appeal, and that *Bourne Valley* will suffer irreparable harm. It has failed to do so here.

### C. Bourne Valley Has Not Satisfied the Rule 41 Standard.

In attempting to show this Court merely that its Petition to the Supreme Court would not be frivolous and is not made for the purpose of delay, Bourne Valley falls far short of the showing required by Federal Rule of Appellate Procedure 41, Circuit Rule 41-1, and the accompanying Circuit Advisory Committee Note.

First, Bourne Valley has not demonstrated any likelihood that it will succeed before the Supreme Court. While Bourne Valley expresses confidence in the likelihood the Supreme Court will review this Court's decision, that assertion is undermined by the fact that no judge even requested a vote on its Petition for Rehearing En Banc. The Motion

does not establish any conflict with the Supreme Court, as this Court determined when it denied Bourne Valley's Petition for Rehearing and Rehearing En Banc. The Supreme Court is unlikely to accept this case for review, as it does not conflict with Supreme Court authority, or create a circuit split. Moreover, it adjudicates the constitutionality of a single state statute that has since been wholly amended to correct its constitutional infirmities. Of the very few appeals granted certiorari each year, Bourne Valley has made no showing that this is likely to be one.

Nor does the Nevada Legislature's purported interest change these facts. Bourne Valley ignores the fact that the Legislature's amicus brief was actually authorized by one Legislator only, because the Legislature is out of session and Nevada's Legislative Committee that acts for the out-of-session Legislature likewise did not meet about it. These facts are conceded on the face of the amicus brief to which Bourne Valley points. Notably, Nevada's Attorney General has never defended the Statute, despite receiving innumerable notices of constitutional challenges to it. Moreover, the Legislature's brief improperly raised new arguments Bourne Valley waived, and thus

cannot be the basis for issues in a petition for certiorari. *United States v. Buculei*, 262 F.3d 322, 333 n.11 (4th Cir. 2001) ("'An issue waived by appellant cannot be raised by amicus curiae.'").

Second, Bourne Valley's claim of irreparable harm is unsubstantiated and inaccurate. As a preliminary matter, its purported fear that Wells Fargo could foreclose on the property during the pendency of its Petition is misplaced. Under Nevada law, the procedure Wells Fargo would have to undergo to foreclose on the property would take far longer than the Petition's pendency, even if Wells Fargo were to commence foreclosure proceedings immediately. *See generally* Nev. Rev. Stat. § 107.

Moreover, Bourne Valley asks this Court to stay the mandate, not because it will suffer irreparable harm based on the sale of the property at issue, but primarily because non-parties may be affected by the holding. However, the effect of new law on non-parties is not relevant to whether Bourne Valley will suffer irreparable harm. Bourne Valley's business model is to purchase properties at HOA foreclosure sales for pennies on the dollar, evict the homeowner, and start collecting rent from a new tenant. This Court should not stay the mandate to further

Bourne Valley's financial interests, and facilitate its collection of rents for an additional several months, all under a law this Court has found to be facially unconstitutional.

## Conclusion

This Court should decline to subject the parties to months of further uncertainty based on the remote possibility of further review by denying the Motion to Stay the Mandate.

Dated: November 14, 2016            SNELL & WILMER L.L.P.

*/s/ Kelly Dove*
ANDREW M. JACOBS
Arizona Bar No. 21146
KELLY H. DOVE
Nevada Bar No. 10569
**SNELL & WILMER L.L.P**.
*Attorneys for Respondent*
*Wells Fargo Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **OPPOSITION TO MOTION TO STAY MANDATE** with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the Appellate CM/ECF system on November 14, 2016.

                                                  */s/ Ruby Lengsavath*
                                                  An Employee of Snell & Wilmer L.L.P.

25190883.3